# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **AMBER LEE PARKER, #14710-509** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIV. ACT. 1:23-cv-83-TFM-N |
| ) | CRIM. ACT. 1:20-cr-122-TFM-N |
| **WARDEN, FPC BRYAN, BRYAN,** ) | |
| **TEXAS,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

On March 9, 2023, the Magistrate Judge entered a Report and Recommendation which recommends Petitioner Amber Lee Parker's motion be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and be dismissed without prejudice for lack of jurisdiction. *See* Doc. 2058. No objections were filed and the time frame has passed.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Consequently, Petitioner's motion (Doc. 2057) is construed as one brought under 28 U.S.C. § 2241 which is **DISMISSED without prejudice** for lack of jurisdiction.

Additionally, 28 U.S.C. § 1915(a) provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962), or "has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B

May 15, 1981) (per curiam);[1] *see also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981). Stated differently:

> This circuit has defined a frivolous appeal under section 1915(d) as being one "without arguable merit." *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976)). "Arguable means capable of being convincingly argued." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n.5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland*, 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted).

Based on the above, Court finds that any appeal in this cause is certified, pursuant to 28 U.S.C. § 1915(a), as not taken in good faith.

Final judgment shall issue separately in accordance with this order and Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 1st day of May, 2023.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to the close of business on September 30, 1981.